# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LEON BUU DAM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-125

(Case No.: 2:11-cr-22)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Leon Buu Dam ("Dam"), who is currently incarcerated at the United States Penitentiary in Atlanta, Georgia, has filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Respondent filed a Response, (doc. 4), and Dam filed a Reply, (doc. 5). For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Dam's Motion, **DENY** Dam *in forma pauperis* status on appeal, and **DENY** Dam a Certificate of Appealability. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case.

## BACKGROUND

Dam was charged in this Court with: making a destructive device, in violation of 26 U.S.C. § 5861(f); possession of an unregistered firearm or destructive device, in violation of 26 U.S.C. § 5861(d); using, carrying, and brandishing a destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c); using explosive materials during the commission of a federal felony, in violation of 18 U.S.C. § 844(h); and malicious use of explosive materials, in violation of 18 U.S.C. § 844(i). Indictment, United States v. Dam, 2:11-cr-22 (S.D. Ga. June 8, 2011), ECF No. 1. Dam pleaded guilty to the use of explosives in commission of a

federal felony and the malicious use of explosive materials. Plea Agreement, United States v. Dam, 2:11-cr-22 (S.D. Ga. Feb. 28, 2013), ECF No. 65, p. 2. Chief Judge Lisa Godbey Wood sentenced Dam to 180 months' imprisonment, which consisted of a 60-month sentence for the use of explosive materials during the commission of a felony and a 120-month sentence for the malicious use of explosive materials, to be served consecutively. J., United States v. Dam, 2:11-cr-22 (S.D. Ga. Aug. 28, 2013), ECF No. 72, pp. 1–2. Chief Judge Wood entered judgment on August 26, 2013. Id. at p. 1. Dam did not file an appeal.

## DISCUSSION

On August 25, 2015, Dam executed his Section 2255 Motion. (Doc. 1, p. 13.) His Motion was filed in this Court on August 31, 2015. (Doc. 1.) Dam contends his counsel, John Brewer, rendered ineffective assistance by withdrawing a request for a second competency hearing and by coercing Dam to plead guilty by failing to properly explain the consequences of the proceedings. (Id. at pp. 4–5.) The Government asserts Dam's Motion should be dismissed because it is untimely and meritless. (Doc. 4, pp. 5, 8.)

The Court addresses the Government's assertion.

**I.   Whether Dam's Motion was Timely Filed**

To determine whether Dam's Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Dam was sentenced to 180 months' imprisonment on August 26, 2013, and the Court's final judgment was entered on August 28, 2013. Min. Entry & J., United States v. Dam, 2:11-cr-22 (S.D. Ga. Aug. 26 and Aug. 28, 2013), ECF Nos. 70, 72. Dam had fourteen (14) days, or until September 11, 2013, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Dam did not file an appeal, he had until September 11, 2014, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). However, Dam did not execute his Section 2255 motion until August 25, 2015, nearly one year after the expiration of the applicable statute of limitations period. Consequently, Dam's petition is untimely under § 2255(f)(1). Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late . . . is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)). Dam fails to argue that he is entitled to the statute of limitations periods set forth in Sections 2255(f)(2), (3), or (4). Thus, the Court must now determine whether Dam is entitled to tolling of the applicable statute of limitations period.

## II.     Whether Dam is Entitled to Equitable Tolling

Dam recognizes he does not meet the one-year statute of limitations period. (Doc. 1, p. 12.) His explanation for this untimely filing is that his mental incompetence and lack of English proficiency rendered him unable to file an appeal himself. Furthermore, he states that he has been unable to contact Mr. Brewer to assist with filing an appeal. (Id.)

In response, the Government asserts Dam's claims of incompetence are "wholly conclusory, supported by nothing other than the unqualified opinion of his jailhouse lawyer." (Doc. 4, p. 6.) The Government states that Dam was under a treatment and medication regime prescribed by the Bureau of Prisons ("BOP") and was fully competent during the criminal proceedings. (Id.) As to Dam's claims of language difficulties, the Government points to Dam's request during his sentencing hearing that his translator not simultaneously translate the Court's comments because he was fluent enough to "understand most of what you say." (Id. at p. 7.) Additionally, Dam personally made his own allocution and writings to the Court in English. (Id.) Finally, the Government argues that Dam did not even attempt to obtain court documents, transcripts, or contact Mr. Brewer until well after the one year deadline had expired. (Id. at pp. 6–7.) Therefore, the Government argues that Dam did not act with the due diligence required for equitable tolling.

Dam retorts that he is indeed under a treatment and medication plan prescribed by the BOP. However, he argues that it was these "psychotorpic [sic] medications" such as "respidol" that caused his delay in filing. (Doc. 5, p. 4.) He contends that this extraordinary circumstance, combined with his inability to contact Mr. Brewer, should result in the Court equitably tolling the statute of limitations applicable to his Motion.

The applicable limitation is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)).

There is nothing before the Court indicating that Dam employed any measures to file a timely Section 2255 Motion or that some "extraordinary circumstance" prevented him from doing so. The record indicates that Dam did not even attempt to contact Mr. Brewer until "the middle of March" of 2015—well after the statute of limitations for filing a timely Section 2255 motion had expired. Letter, United States v. Dam, 2:11-cr-22 (S.D. Ga. Apr. 13, 2014), ECF No. 77. His subsequent letters to the Court and the court reporter requesting his transcripts and other documentation were not sent until June and July of 2015. Id. at ECF Nos. 78, 79. Furthermore, in a letter to the Court, Dam indicates he only began the appeal process after befriending his jailhouse attorney sometime after December of 2014. (Doc. 1, pp. 28–29.) Based on these facts, it is apparent that Dam did not diligently pursue his rights. In fact, Dam did not even consider filing his Motion until well after the statutory limitation period expired.

Additionally, Dam's claims of incompetence are not an "extraordinary circumstance" sufficient to provide a basis for equitable tolling.[1] Nothing within the record supports Dam's conclusory claims that he is incompetent such that he could not timely file a Section 2255 Motion. (Doc. 1, p. 12.) Although Dam argues in his Reply Brief that he was on "mental health medications such as 'respidol,'" he does not indicate this affected his ability to timely file a Section 2255 Motion. (Doc. 5, p. 4); Spears v. Warden, 605 F. App'x 900 (11th Cir. 2015) (a petitioner with history of mental health issues and medication did not receive equitable tolling because he failed to show how it affected his ability to timely file a petition). Furthermore, the Court specifically found Dam competent to stand trial for his criminal proceeding after a psychiatric examination. Rep., Order, United States v. Dam, 2:11-cr-22 (S.D. Ga. Nov. 7 and Dec. 20, 2012), ECF Nos. 52, 54; cf. Hunter v. Ferrell, 587 F.3d 1304 (11th Cir. 2009) (Petitioner suffered from substantial mental retardation, and a psychiatric examination found petitioner only borderline competent to stand trial. Court found evidentiary hearing proper in that case to determine whether petitioner's mental impairment affected his ability to timely file a Section 2254 petition.)

The Eleventh Circuit Court of Appeals has held that claims of mental incompetency, without more, are "insufficient to justify equitable tolling." Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005), *aff'd on other grounds*, 549 U.S. 327 (2007); see also Fox v. McNeil, 373 F. App'x 32, 34 (11th Cir. 2010) ("[A]n allegation of mental incompetence, without a showing of a causal connection between the incompetence and the failure to file a timely application, did not justify equitable tolling."); Hunter, 587 F.3d at 1308 ("[M]ental impairment is not *per se* a

---

[1] Dam also claims that his difficulties with the English language entitle him to equitable tolling. However, lack of English proficiency is not a sufficient "extraordinary circumstance" to justify equitable tolling. See United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (difficulties with the English language did not entitle petitioner to equitable tolling).

reason to toll a statute of limitations.") Therefore, Dam's claims that he was mentally incompetent do not entitle him to equitable tolling of the statute of limitations.

Dam fails to show that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from filing his Section 2255 Motion prior to September 11, 2014. Consequently, Dam is not entitled to equitable tolling of the applicable statute of limitations period. The Court should **DISMISS** Dam's Section 2255 Motion as untimely filed.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Dam leave to appeal *in forma pauperis*. Though Dam has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Dam's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Dam a Certificate of Appealability, Dam is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to

raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Dam's Section 2255 Motion, **DENY** Dam *in forma pauperis* status on appeal, and **DENY** Dam a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Dam and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA