# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 2:11-022-1 |
| | ) | |
| LEON BUU DAM, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER</u>

Before the Court is Defendant Leon Buu Dam's motion for early termination of supervised release and motion to travel. Dkt. No. 100. For the reasons below, both motions are **DENIED**.

### I.    Motion for Early Termination

Pursuant to a written plea agreement, Defendant pleaded guilty to one count of use of fire or explosive materials in the commission of a felony, in violation of 18 U.S.C. § 844(h), and one count of maliciously damaging property used in interstate commerce by means of fire or explosive, in violation of 18 U.S.C. § 844(i). Dkt. Nos. 65, 72. On August 26, 2013, Defendant was sentenced to a total term of 180 months' imprisonment, followed by three years of supervised release. Dkt. No. 72. The Court further ordered special conditions of supervision, as well as a $200 special assessment and $104,375.90 in restitution. <u>Id.</u>

On or about January 10, 2024, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Defendant has completed twenty-nine months of his thirty-six-month term of supervision and now moves the Court for early termination of same. Dkt. No. 100.

In his motion, Defendant states he wants to start over and learn from his past mistakes. Id. However, the Court notes that, since his release, Defendant has struggled to maintain stable employment or stable residency, having lived in his vehicle for approximately six months. Additionally, Defendant is in default status on his restitution obligation, having made only three payments totaling $593, leaving a balance of $103,782.90. Further, the seriousness of Defendant's underlying offenses cannot be overlooked.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

2

The Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration, the Court finds that continued supervision is in Defendant's best interest, and his motion for early termination, dkt. no. 100, is **DENIED**.

## II.  Motion to Travel

Defendant next requests permission to travel to Vietnam to visit his family.  One of the conditions of Defendant's supervised release is that he shall not leave the judicial district without the permission of the court or probation officer.  Dkt. No. 72 at 3.  Given Defendant's substantial outstanding restitution obligation and his default payment status, the Court finds international travel would further inhibit Defendant's ability to pay toward his restitution balance.  Accordingly, Defendant's motion to travel, dkt. no. 100, is **DENIED**.

**SO ORDERED** this 30 day of June, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA